# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| STEPHANIE WELCH, and ANNAH WELCH, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| USAA FEDERAL SAVINGS BANK | ) ) |
| Defendant. | ) |

Case No. 1:24-cv-1968

## COMPLAINT

NOW COME the plaintiffs, STEPHANIE WELCH and ANNAH WELCH, by and through their attorneys, SMITHMARCO, P.C., and for their complaint against the Defendant, USAA FEDERAL SAVINGS BANK, plaintiffs state as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, <u>et</u> <u>seq</u>.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. STEPHANIE WELCH is an individual who was at all relevant times residing in the City of Deer Trail, County of Elbert, State of Colorado.

5. ANNAH WELCH is an individual who was at all relevant times residing in the City of Deer Trail, County of Elbert, State of Colorado.

6. At all relevant times, Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

7. At all relevant times, Plaintiff had three asset accounts in their names with Defendant. A joint checking account (hereinafter, "Plaintiffs' Classic Checking Account", a joint savings account, (hereinafter "Plaintiffs' Savings Account") and a savings account for their minor child (hereinafter Plaintiffs' Youth Savings Account").

8. At all relevant times, Plaintiffs' Classic Checking Account, Plaintiffs' Savings Account, and Plaintiffs' Youth Savings Account were established to hold funds used primarily for Plaintiffs' personal use and/or household expenditures.

9. At all relevant times, Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account were each an "account" as that term is defined by 15 U.S.C. §1693a(2).

10. On or before April 26, 2024, an unknown person was able to create another account in the name of Plaintiffs (hereinafter "Checking Account 5733").

11. Plaintiffs do not have any access to funds placed in Checking Account 5733 as they had no participation in creating it and have not been provided any access to it.

12. Checking Account 5733 was an account established to hold personal family or household funds and was an account as that term is defined by 15 U.S.C. §1693a(2).

13. Checking Account 5733 was created by a thief seeking to steal money from Plaintiffs.

14. USAA FEDERAL SAVINGS BANK, (hereinafter, "Defendant") is a business entity that conducts business within the State of Colorado. Defendant's principal place of business is located in the State of Colorado. Defendant is incorporated in the State of Colorado.

15. At all relevant times, Defendant was a bank that held Plaintiffs' Classic Checking Account, Plaintiffs' Savings Account, and Plaintiffs' Youth Savings Account as well as Checking Account 5733.

16. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

18. At all relevant times, an unknown third party received funds from Plaintiffs' Accounts, which were transferred to this person or persons via an electronic terminal, telephonic instruction or computer or magnetic tape after an unknown third party instructed Defendant to transfer funds to this unknown person from Plaintiffs' Accounts to Checking Account 5733.

19. Plaintiffs do not know the person who opened Checking Account 5733, never heard of him or her prior to the events described in this Complaint, and have not now nor never had any relationship, personal or business, with this person.

### IV.   ALLEGATIONS
### COUNT I: VIOLATIONS OF THE EFTA

20. On or about April 26, 2024, $5,000.00 was debited from Plaintiffs' Joint Savings Account and transferred to Checking Account 5733.

21. On or about April 26, 2024, $1,000.00 was debited from Plaintiffs' Youth Savings Account and transferred to Checking Account 5733.

22. On or about April 26, 2024, $4,000.00 was debited from Plaintiffs' Classic Checking Account and transferred to Checking Account 5733.

23. On or about April 29, 2024, $4,000 was debited from Plaintiffs' Joint Savings Account and transferred to Checking Account 5733.

24. On or about April 29, 2024, $1,000 was debited from Plaintiffs' Youth Savings Account and transferred to Checking Account 5733.

25. Once all funds were transferred to Checking Account 5733, Plaintiffs were dispossessed of their funds that were in Plaintiffs' accounts.

26. Plaintiffs did not participate in any of these transactions.

27. Prior to April 26, 2024, and April 29, 2024, Plaintiffs were not aware of the circumstances relating to the debit of funds from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account on April 26, 2024, and April 29, 2024, by an unknown third party.

28. Plaintiffs did not provide any person with consent to debit funds from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account on April 26, 2024, and April 29, 2024.

29. Plaintiffs did not provide Defendant with consent for any person to debit funds from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account on April 26, 2024, and April 29, 2024.

30. Prior to April 26, 2024, and April 29, 2024, Plaintiffs were not aware that $15,000.00 was to be debited from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account by any third party, as delineated above.

31. On April 26, 2024, Plaintiffs became aware of attempts by an unknown third party to transfer funds from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and

Plaintiffs' Youth Savings Account into another account with Defendant that Plaintiff did not create nor have access to.

    32.    On April 26, 2024, client contacted Defendant to notify Defendant of the transfers.

    33.    On April 26, 2024, Plaintiffs provided Defendant with notice that they disputed the debit of funds by this unknown third-party relative to Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account.

    34.    On April 26, 2024, Plaintiffs provided Defendant with information to allow Defendant to identity Plaintiffs' USAA Classic Checking Bank Account, Plaintiffs' USAA Joint Savings Bank Account, and Plaintiffs' USAA Youth Savings Bank Account, such as:

    a.    Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account numbers;

    b.    Plaintiffs' personal identifying information;

    c.    The name under which Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account were registered;

    d.    The date of the transaction which Plaintiffs disputed relative to Plaintiffs' USAA Bank Accounts;

    e.    The amount of the transaction which Plaintiffs disputed relative to Plaintiffs' USAA Bank Accounts; and,

    35.    On April 26, 2024, Plaintiffs provided Defendant with notice that the debit of funds by the unknown third-party relative to Plaintiffs' USAA Accounts and placing them into Checking Account 5733 on April 26, 2024, were unauthorized electronic transfers of funds from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account.

36. On April 26, 2024, Plaintiffs provided Defendant with notice of the circumstances as to why Plaintiffs believed the debit of funds by the unknown third party on April 26, 2024, was carried out in error, such as:

   a. Plaintiffs never authorized the debit of funds from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account.

   b. Plaintiffs never provided any other person or entity with permission, consent or authority to debit funds from Plaintiffs' Classic Checking Account, Plaintiffs' Joint Savings Account, and Plaintiffs' Youth Savings Account.

   c. Plaintiffs did not create Checking Account 5733 and had no access to it;

   d. At approximately 11:00 p.m. the evening before the first transfer, a person named Javier Meza made personal profile updates to add Plaintiff, Stephanie Welch as his brother-in-law or sister-in-law. But Plaintiffs did not know any person named Javier Meza and he was not a member of Plaintiff's family, and no Plaintiff authorized him to update their profiles; and

   e. Said transactions were entirely inconsistent with Plaintiffs' previous account history.

37. After Plaintiffs notified Defendant as delineated above, on April 26, 2024, of the unauthorized transactions, the same person was able to complete the transactions on April 29, 2024, as delineated above.

38. Plaintiffs again contacted Defendant on or about April 29, 2024, to dispute the aforementioned transactions and notify Defendant that these additional transactions were unauthorized as well.

39. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiffs.

40. On May 6, 2024, Defendant provided a response to Plaintiff's dispute stating that it found no fraudulent activity on their accounts.

41. In Defendant's response to Plaintiffs' dispute over the unauthorized transfers from their account, Defendant advised Plaintiffs that they may request reproduction of all of the documents which the Defendant utilized in coming to its conclusion that an error did not occur.

42. On May 7, 2024, Plaintiffs did request reproduction of all of the documents which the Defendant utilized in coming to its conclusion that an error did not occur.

43. To date, Defendant has not provided any documentation or information which the Defendant utilized in coming to its conclusion that an error did not occur leaving Plaintiff without the knowledge and information and the ability to get the information that explained why the transactions Plaintiffs claimed were not authorized, were ostensibly authorized, in violation of 15 U.S.C. §1693f(d).

44. Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiffs' funds in violation of 15 U.S.C. §1693f(e)(1).

45. Defendant knowingly and willfully concluded that Plaintiffs' account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

46. Defendant violated the Electronic Funds Transfers Act by holding Plaintiffs liable for in excess of $50 on the aforementioned unauthorized transfers and has failed to refund the money into her account in violation of 15 U.S.C. §1693g(a).

47. Presently, Plaintiffs remain without the $15,000 debited by the unknown recipient from Plaintiffs' Accounts.

48. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiffs, STEPHANIE WELCH and ANNAH WELCH, by and through their attorneys, respectfully pray for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c.    Plaintiffs' attorneys' fees and costs; and,

    d.    Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

49.    Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**STEPHANIE WELCH and ANNAH WELCH**

By:   s/ David M. Marco
       Attorney for Plaintiffs

Dated: July 18, 2024

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
**Telephone**:   (312) 546-6539
**Facsimile**:   (888) 418-1277
**E-Mail**:   dmarco@smithmarco.com